**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**MATTHEW JAMES JONES,**

          Petitioner,

**v.**                                                                 **CIVIL ACTION NO. 5:20-CV-48**
                                                                       **(BAILEY)**

**R. HUDGINS,** Warden,

          Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R").  Magistrate Judge Mazzone filed his R&R on May 28, 2020, wherein he recommends the § 2241 petition be denied and dismissed without prejudice.  For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on March 13, 2020, pursuant to 28 U.S.C. § 2241, challenging the validity of his sentence.  On August 21, 2009, petitioner pleaded guilty to one count of attempting to manufacture fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841 (a)(1)(b)(1)(vii), and one count of attempting to manufacture

1

a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§846, 841 (a)(1) and (b)(1)(C).[1]  According to the BOP website, petitioner is scheduled to be released on May 28, 2024.

In support of his § 2241 petition, petitioner argues that based on the decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), he no longer qualifies as a career offender [Doc. 1].  Based on that decision, petitioner asserts his enhanced sentence for Attempt to Manufacture Methamphetamines was unlawfully imposed and, thus, entitles him to a resentencing proceeding [Doc. 1].  Additionally, petitioner relies on the Fourth Circuit opinion in *United States v. Whitley*, 737 Fed. Appx. 147 (2018) in support of his petition. For relief, petitioner requests that his sentence be vacated, set aside, and held for naught because it exceeds the statutory maximum and demonstrates that the sentences is null and void and no longer in effect. [Id.].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

---

[1]Taken from petitioner's criminal docket from the Western District of Michigan, available on PACER. *See United States v. Jones*, No. 1:09-cr-116-FLM.

proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Having filed no objections within that time frame, petitioner has waived his right to both *de novo* review and to appeal this Court's Order pursuant to 28 U.S.C. § 636(b)(1). Consequently, the R&R will be reviewed for clear error.

### III. CONCLUSION

Having reviewed the R&R for clear error, it is the opinion of this Court that the **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

3

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: June ██, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

4